*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0198P (6th Cir.)
File Name: 01a0198p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

OUR GARAGE AND WRECKER
SERVICE[1]; TOWING &
RECOVERY ASSOCIATION OF
OHIO,
      *Plaintiffs-Appellees,*

      *v.*

CITY OF COLUMBUS; DAVID
WILSON; BOBBIE BEAVERS,
      *Defendants-Appellants.*

No. 00-3409

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 99-00310—George C. Smith, District Judge.

Argued: June 7, 2001

Decided and Filed: June 19, 2001

Before: KEITH, BATCHELDER, and MOORE, Circuit
Judges.

_____

[1]Although the caption of the case has identified the plaintiff as
"Our Garage" throughout the course of this litigation, the company's
name in fact is "Ours Garage." We will refer to the company as "Ours
Garage."

----

**COUNSEL**

----

**ON BRIEF:** Susan E. Ashbrook, COLUMBUS CITY ATTORNEY'S OFFICE, Columbus, Ohio, for Appellant. David A. Ferris, CARLILE, PATCHEN & MURPHY, Columbus, Ohio, for Appellee. James G. Burkhardt, OFFICE OF THE CITY OF TOLEDO LAW DEPARTMENT, Toledo, Ohio, for Amicus Curiae.

----

**OPINION**

----

ALICE M. BATCHELDER, Circuit Judge. Plaintiffs-Appellees Ours Garage and Wrecker Service, Inc. ("Ours"), an Ohio corporation operating a towing business in the City of Columbus, and the Towing and Recovery Association of Ohio ("TRAO"), a trade association of tow truck operators, brought suit against the City of Columbus (the "City") and certain of its officials to enjoin enforcement of Chapter 549 of the Columbus City Code (the "towing ordinance"), which regulates consensual towing operations. Specifically, Ours and TRAO alleged that the Interstate Commerce Act ("ICA"), 49 U.S.C. § 14501(c)(1), preempts the towing ordinance, which among other things requires the owners and operators of tow trucks to obtain a license from the City, maintain insurance, and comply with other regulatory requirements. *See generally* CITY OF COLUMBUS, OHIO, CODE ch. 549 (1991). On cross-motions for summary judgment, the district court ruled in favor of Ours and TRAO and permanently enjoined the City from enforcing the towing ordinance. This appeal followed.

In *Petrey v. City of Toledo*, 246 F.3d 548, 555, 558-59, 564 (6th Cir. 2001), we held that the ICA does not preempt municipal licensing and safety regulation of non-consensual towing operations when a municipality acts as a market participant, but does preempt other regulation not falling within this narrow exception. On appeal, the City concedes that *Petrey* controls the disposition of this case. Accordingly, we affirm the judgment of the district court permanently enjoining the City's enforcement of these towing provisions.